UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: STEVEN HARRY LUCORE, SR. and JUDY LYNNE LUCORE,<br><br>                            Debtors.<br><br>STEVEN HARRY LUCORE, SR., et al.,<br>               Plaintiffs and Appellants,<br>   v.<br>U.S. BANK, N.A., AS TRUSTEE, etc., et al.,<br>              Defendants and Appellees. | Civil No.: 17cv303-JAH (JLB)<br>Bankruptcy No. 13-08534-MM<br><br>**ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE** |

## INTRODUCTION

Steven H. Lucore, Sr. and Judy L. Lucore ("Appellants"), proceeding *pro per*, appeal from a prefiling order issued by the United States Bankruptcy Court for the Southern District of California. *Doc. No.* 1. Having considered the record, the relevant law, the parties' submissions, and for the reasons set forth below, the Court **DISMISSES** the appeal for failure to prosecute pursuant to the Federal Rules of Bankruptcy Procedure ("FRBP").

1

## BACKGROUND

The Lucores filed a Notice of Appeal from Bankruptcy Court and Statement of Elections on February 15, 2017. *Doc. No. 1*. On February 27, 2017, the court[1] set the following briefing schedule: (1) no later than March 27, 2017, the court shall receive a Record of Appeal; (2) by April 24, 2017 Appellants would serve and file the appellate opening brief with any supporting evidence; (3) by May 15, 2017 Appellees would serve and file the responsive brief and any supporting evidence; and (4) by June 12, 2017, Appellants would file any reply brief. *Doc. No. 2.* Any party that was not registered with the Case Management and Electronic Case Files system (CM/ECF), including both Appellants, were served with the order via U.S. Mail Service. *See Doc. No. 2.*

On March 30, 2017, the Clerk of the Bankruptcy Court notified the Court that Appellants had not taken action to perfect the appeal as provided by FRBP 8009 causing delay in the administration of the bankruptcy estate. *Doc. No. 3*.

On June 28, 2017, the court issued an Order to Show Cause why this appeal should not be dismissed for failure to prosecute pursuant to both the court's briefing schedule and the Federal Rules of Bankruptcy Procedure. *Doc. No. 5*. The court ordered the parties to respond within fourteen (14) days from the date on which the order was electronically docketed. Appellants were again served with the order via U.S. Mail Service. *See Id.*

On July 11, 2017, Appellants timely filed their response indicating that "they never received notice of the briefing schedule." In their response, they requested an amended briefing schedule and an extension of time to perfect their appeal. *Doc. No. 6*. Appellees responded that they were under no obligation to brief an appeal not being prosecuted and further believed the issue was already being litigated in a separate appeal[2].

---

[1] This appeal was originally set before Judge Gonzalo P. Curiel. Pursuant to Local Rule 40.1 (i.e. the Low Number Rule) the case was transferred to Judge Janis L. Sammartino on April 25, 2017 (doc.no. 4), then to this Court on August 11, 2017 (doc. no. 9).

[2] The matter of Lucore, Sr. et al v. Barasch et al., case no. 3:17-cv-00034-JAH-JLB is an appeal from

On September 26, 2017, under the direction of this Court and in relation to a separate but related appeal, the Bankruptcy Court reentered its February 13, 2017 Amended Order. In part, the Order directed U.S. Bank to lodge a separate prefiling order in accordance with the terms as set forth in the Amended Order. *See Doc. No. 1* at 17. A separate prefiling order was submitted by U.S. Bank and entered in the bankruptcy case on September 27, 2017 as docket number 430 (the "Prefiling Order"). *See Doc. No. 10* at 3. The Prefiling Order prohibits the Lucores from filing adversary proceedings which seek to litigate matters regarding the foreclosure of a specific piece of property without permission of the bankruptcy court.

On May 21, 2018, the Court directed the parties to meet and confer regarding the status of this appeal and submit either a separate or a joint statement by June 25, 2018. *See Doc. No. 11*. On June 22, 2018, the parties filed a joint statement regarding the status, however, the section designated for the Lucores' position on whether the appeal should proceed contained only a place holder, without any substantive content[3]. *See Doc. No.10* at 5.

## DISCUSSION

The Federal Rules of Bankruptcy Procedure set forth the time for filing a notice of appeal. FRBP 8002. A notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment or order being appealed. FRBP 8002 (a)(l). A notice of appeal filed after the bankruptcy court announces a decision or order, *but before* entry of the judgment is treated as filed on the date of and after the entry. FRBP 8002 (a)(2).

A judgment or order is entered for purposes of this rule when it is entered in the docket under Rule 5003(a). FRBP 8002(a)(5)(A)(i). However, if Rule 7058 applies and

---

the order dismissing the adversary proceeding in bankruptcy adversary case no. 16-90149-MM. The instant appeal, Case No. 3:17-cv-00303-JAH-JLB is an appeal challenging the prefiling order in bankruptcy case no. 13-08534-MM. Although these appeals stem from two separate bankruptcy cases, they were briefed and argued on the same day, resulting in the bankruptcy court issuing a joint order.
[3] The Court notes that the "Joint Status Report" was neither signed nor dated by the parties.

3

Rule 58(a) F.R.Civ.P. requires a separate document, then the judgment is entered when: (1) the order is set out in a separate document *or* 150 days from the entry of the judgment, order, or decree in the docket -*whichever occurs first*. FRBP 8002(a)(5)(A)(ii).

Once the notice of appeal becomes effective under Rule 8002, the appellant has fourteen (14) days to file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. FRBP 8009. The appellee may then file any additional items to be included in the record. *Id*.

Pursuant to these rules, the Prefiling Order from which the Lucores now appeal was deemed entered on July 13, 2017; 150 days from the date on which the bankruptcy court's Amended Order was docketed. Although the Prefiling Order was not set out in a separate Document until late September 2017, the passage of sufficient time as set forth in Rule 8002(a)(5)(A)(ii) was the determining factor for entry of judgment. Accordingly, the Lucores had until July 27th, 2017 to file and serve a designation of the items to be included in the record on appeal. Assuming Appellants did not receive either copy of the briefing schedule mailed to them, they were still under an obligation to comply with the Federal Rules of Bankruptcy Procedure. *Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)*, 449 B.R. 79, 83 (9th Cir. BAP 2011) (*pro se* litigants in bankruptcy proceedings are not excused from compliance with procedural rules); *see also In re Wells,* 13 F. App'x 544 (9th Cir. 2001) (affirming the BAP's dismissal of an appeal for failure of a *pro se* appellant to comply with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Appellate Procedure, and the BAP Rules); Bankr. Appellate Panel 9th Cir., Rule 8018(a)-2, (the BAP clerk may dismiss the appeal if appellant fails to file "an opening brief timely, or otherwise fails to comply with rules or orders regarding processing the appeal.").

The Court recognizes that Appellants may have believed- as Appellee's believe that the Lucores had fourteen days from the day the Prefiling Order was docketed to designate the record of appeal. Such leniency with a *pro se* appellant in appropriate circumstances may be deserving. However, the Prefilling Order subject to this appeal was docketed over

4

nine months ago. Appellants have made no attempt to designate the record after: (1) receiving an order to show cause why the appeal should not be dismissed for failure to prosecute, (2) appearing before the Court and discussing the status of the appeal, and (3) meeting and conferring with counsel. Further Appellants opted not to provide this Court with their position on whether the appeal should proceed in either a joint or separate status report.

Accordingly, the Court finds it appropriate to **DISMISS** this appeal for failure to prosecute in accordance with the Federal Rules of Bankruptcy Procedure.

**IT IS SO ORDERED**.

DATED: August 6, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE